IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FITLIFE BRANDS, INC., | |
| Plaintiff, | 8:14-CV-241 |
| vs. | ORDER |
| SUPREME SPORTS ENHANCEMENT, LLC, | |
| Defendant. | |

This matter is before the Court on the plaintiff's Motion to Enforce Settlement Agreement or Motion to Enter Default and Request for Sanctions (filing 14) and the Magistrate Judge's findings and recommendation (filing 24) recommending that the Court enter a default and/or default judgment against defendant Supreme Sports Enhancement, LLC, as a result of Supreme Sports' failure to comply with the Court's orders. The Court will deny the plaintiff's motion without prejudice, but will adopt the Magistrate Judge's findings and recommendation and direct the Clerk of the Court to enter the defendant's default.

The plaintiff's motion (filing 14) asks the Court to enforce a settlement agreement that, according to the plaintiff, was reached between counsel for the parties. In support, the plaintiff has submitted copies of an unsigned settlement agreement and proposed consent decree, along with email correspondence and a declaration from plaintiff's counsel suggesting that the defendant's counsel—or at least, the defendant's putative counsel—believed that a settlement had been reached. *See* filing 15.

But the question presented by the record is whether the defendant's counsel had actual authority to settle—or even, in fact, whether the defendant's counsel was actually the defendant's counsel. *See* filing 16. Under Nebraska law, apparent authority is insufficient to create an enforceable settlement—a lawyer cannot settle a client's claim without express authority from the client. *Luethke v. Suhr*, 650 N.W.2d 220, 226 (Neb. 2002). The ordinary employment or retainer of a lawyer to represent a client with respect to litigation does not of itself give the lawyer the implied or apparent authority to bind the client by a settlement or compromise of the claim; and, in the absence of express authority, knowledge, or consent, the lawyer cannot do so. *Id.* at 225.

The only evidence in the record on that point is the declaration of plaintiff's counsel that the terms of the settlement were agreed to by defendant's counsel "after discussions with and confirmation from his client"—but the foundation for that statement is unclear. *See* filing 15-4 at 1. And there may even be factual questions with respect to whether the counsel who appeared for the defendant was employed or retained in the first place, and the scope of that representation.[1]

In other words, there is a factual dispute over the existence of the settlement, requiring an evidentiary hearing. *See Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1222-23 (8th Cir. 2006); *see Enter. Rent-A-Car Co. v. Rent-A-Wreck of Am., Inc.,* 181 F.3d 906, 909-10 (8th Cir. 1999). The evidence submitted in support of the plaintiff's motion is not sufficient for the Court to find that the settlement was agreed to by the defendant, or an agent of the defendant with express authority from the defendant to settle.

The plaintiff's motion also asks, in the alternative, for an entry of default. Filing 14 at 3. That request is moot in light of the Court's adoption of the Magistrate Judge's findings and recommendation, discussed below. And finally, the plaintiff asks that the defendant be ordered to pay the plaintiff's attorney fees associated with enforcement of the settlement agreement. Filing 14 at 3. That request will be denied. The plaintiff cites no authority supporting the Court's power to award fees under such circumstances, and in any event, the plaintiff's request for fees is tied to the merits of its motion to enforce the settlement agreement, which are undetermined.[2]

So, the Court will deny the plaintiff's motion. But it will do so without prejudice. The plaintiff may pursue the relief requested again, based upon a proper evidentiary showing, should the plaintiff determine that attempting to enforce the settlement agreement is a preferable course of action to litigating based on the defendant's default.

---

[1] This is not to say that the lawyer who appeared for the defendant did so unethically. There are a number of reasons to question the story told by the defendant's owner/president. It is simply to say that on the evidence at present, the Court cannot answer these questions one way or the other.

[2] That said, it appears that attorney fees for pursuing enforcement of a settlement agreement fall under state law concerning the availability of attorney fees as damages or costs resulting from a breach of contract. *See Gjerlov v. Schuyler Labs, Inc.,* 131 F.3d 1016, 1025 (Fed. Cir. 1997); *see also, Monsour's, Inc. v. Menu Maker Foods, Inc.,* 381 F. App'x 796, 803 (10th Cir. 2010); *Republic Res. Corp. v. ISI Petroleum W. Caddo Drilling Program 1981,* 836 F.2d 462, 466 (10th Cir. 1987). And there is cause to believe that Nebraska law prohibits recovery of an attorney fee as costs in a contract suit. *First Nat. Bank in Ord v. Schroeder,* 355 N.W.2d 780, 400 (Neb. 1984).

What remain are the Magistrate Judge's findings and recommendation (filing 24) recommending that the Court enter a default against the defendant. No objection has been lodged to the findings and recommendation. 28 U.S.C. § 636(b)(1) provides for de novo review only when a party has objected to the Magistrate Judge's findings or recommendations. *Peretz v. United States,* 501 U.S. 923 (1991). The Magistrate Judge's findings and recommendation advised the parties that failure to object to the findings and recommendation may be held to be a waiver of the right to appeal the Court's adoption of the recommendation. *See* filing 24 at 2. And the failure to file an objection eliminates not only the need for de novo review, but any review by the Court. *Thomas v. Arn,* 474 U.S. 140 (1985); *Leonard v. Dorsey & Whitney LLP,* 553 F.3d 609 (8th Cir. 2009); *see also United States v. Meyer,* 439 F.3d 855, 858-59 (8th Cir. 2006).

Accordingly, the Court deems any objection to the Magistrate Judge's findings and recommendation waived, and will adopt the findings and recommendation. The Court will order the clerk's office to enter Supreme Sports' default. A final judgment in this matter will be entered upon a properly supported motion for default judgment and, if necessary, a hearing to determine the amount of damages. *See*, Fed. R. Civ. P. 55(b)(2); *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818-19 (8th Cir. 2001).

IT IS ORDERED:

1. The plaintiff's Motion to Enforce Settlement Agreement or Motion to Enter Default and Request for Sanctions (filing 14) is denied.

2. The Magistrate Judge's Findings, Recommendation, and Order (filing 24) are adopted.

3. The Clerk of the Court is directed to enter Supreme Sports Enhancement, LLC's default.

Dated this 1st day of April, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge